IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ROBERT F. SMITH,**

       Petitioner,

v.                                            CIVIL ACTION NO. 2:19cv135

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

       Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Robert F. Smith's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 15. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 15, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in the Commonwealth of Virginia in 1983 and sentenced to a total of 138 years in prison. ECF No. 1 at 4. Since Petitioner's incarceration, the Virginia Parole Board ("the Parole Board") has denied him parole on thirteen occasions[1]. Each time the Parole Board denied Petitioner parole, it cited the serious and/or violent circumstances of the offense. *See* ECF No. 13-26.

On March 20, 2019, Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief alleging that the Virginia Parole Board's continued denial of his parole violates his due process rights. ECF No. 1 at 7-8. Petitioner asserts that the Virginia Parole Board's reasons for denial "are pre-textual and intended to mask 'the Board's plain intent…to deny [him] parole, regardless of whether he meets all the requirements for obtaining parole, including those imposed by the Board." ECF No. 1 at 9. On August 7, 2019, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF. Nos. 13-16. The Petitioner filed a Reply on August 21, 2019. ECF No. 17. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before a court may consider the merits of a federal habeas petition, the preliminary inquiry must be (1) whether Petitioner's state habeas petition was timely or may be excused from untimely filing, (2) whether Petitioner appropriately exhausted the claims asserted in the Petition.

---

[1] Petitioner asserts that the Virginia Parole Board denied him parole "over fifteen (15) consecutive times[.]" ECF No. 6. However, Petitioner only attached documentation for thirteen Virginia Parole Board denials.

1. <u>Statute of Limitations under the AEDPA</u>

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV.A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Respondent notes, this case is governed by the limitation period set forth in the AEDPA. ECF No. 15 at 2. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). So long as a prisoner is in custody pursuant to the judgment of a state court, Section 2254 is the proper vehicle to challenge the execution of a sentence.[2] Therefore, Section 2254 petitions such as the instant Petition are subject to a one-year statute of limitations

---

[2] The Fourth Circuit has held that Section 2254 is the proper vehicle for convicted state prisoners challenging the execution of a sentence to obtain federal habeas corpus relief. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). There, the Fourth Circuit concluded that "when a prisoner being held 'pursuant to the judgment of a State court' files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States...§ 2254 'and all associated statutory requirements' shall apply." *Id.* at 783.

3

and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

### 2. Petitioner's claims regarding parole denials prior to March 4, 2018 are untimely.

In the instant matter, Petitioner seeks review of various decisions by the Virginia Parole Board denying Petitioner release. Specifically, the Virginia Parole Board denied Petitioner parole on thirteen occasions: August 15, 1990; June 14, 1991; July 8, 1992; June 4, 1993; May 23, 1995; May 5, 1998; July 21, 2000; July 15, 2003; February 17, 2008; December 2, 2009; July 22, 2010; December 11, 2018; and March 9, 2018. ECF No. 1 at 11-25. Because Petitioner "challenges the execution of his sentence rather than a judgment of conviction[,]" pursuant to § 2244(d)(1)(D), each decision denying Petitioner parole controls the date on which the AEDPA statute of limitations begins. *See Karim v. Pearson*, Civil Action No. 3:16CV950, 2017 U.S. Dist. LEXIS 121976, at *8 (E.D. Va. Aug. 1, 2017); *see also* 28 U.S.C. § 2244(d)(1)(D).

Petitioner filed the instant Petition on March 4, 2019.[3] ECF No. 1 at 10. Applying the one-year AEDPA deadline, only decisions by the Virginia Parole Board made after March 4, 2018 are within the statute of limitations for filing a petition for federal habeas corpus relief.[4] As such, only Petitioner's claims regarding the Virginia Parole Board's decisions on March 9, 2018 and

---

[3] Petitioner gave his Petition to prison authorities for mailing on March 4, 2019. *See* ECF No. 1 at 10. The Petition was stamped as "received" in the Eastern District of Virginia Richmond Division on March 7, 2019 and stamped as "received" in the Norfolk Division on March 20, 2019. ECF Nos. 1, 5. The undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing—here, March 4, 2019. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), appeal dismissed, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

[4] Petitioner does not allege facts on which his federal filing period could be calculated under any other subsection of § 2244(d) than subsection (d)(1)(D). *See* 28 U.S.C. § 2244(d)(1)(D) (the one-year limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

4

December 11, 2018 are timely, and all others are untimely. Petitioner does not allege that he is entitled to statutory or equitable tolling, nor has he alleged any circumstances under which the Court could conclude he is entitled to any tolling. Accordingly, the undersigned **FINDS** that Petitioner did not timely file the instant Petition with respect to any Virginia Parole Board Decision made prior to March 4, 2018 and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** with respect to those decisions made prior to March 4, 2018.

*2. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus

5

petition." *Moody v. Dir., Va. Dep't of Corr.*, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

A petitioner challenging the denial of parole must first present his claims in a state habeas petition to properly exhaust his remedies. *See Powell v. Johnson*, No. 2:10cv164, 2010 U.S. Dist. LEXIS 115875, at *5 (E.D. Va. Oct. 8, 2010), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 115874 (E.D. Va., Nov. 1, 2010). Here, there is no indication that Petitioner filed a state habeas corpus petition with respect to any of the Parole Board's denials of discretionary parole. Moreover, Respondent declined to waive exhaustion in his Motion to Dismiss. *See id.* Accordingly, the Court must deny the Petition until petitioner presents his claims to the state court.[5] Although the undersigned's determination that the Petition was not timely filed provides sufficient grounds to recommend granting the Motion to Dismiss, the undersigned will also address Respondent's alternative basis for dismissal of the Petition, namely, that Petitioner's claims are substantively meritless.

### 3. *Petitioner is not entitled to federal habeas relief*

Assuming arguendo, that the Petition was not untimely and unexhausted and therefore subject to dismissal on those grounds, Petitioner would not be entitled to the relief he seeks because his claims lack merit.

The Petition appears to allege violations of the Petitioner's procedural and substantive due process rights. With regard to his procedural due process rights, Petitioner alleged that he has been denied parole "over fifteen consecutive times…without no meaningful purpose or reasoning[.]"

---

[5] This Court will not consider whether Petitioner's remaining claims arising from the denial of parole on March 9, 2018, and December 11, 2018 are procedurally defaulted under Virginia law. Pursuant to Va. Code. § 8.01-654(A)(2), Petitioner has one-year to file a writ of habeas corpus in Virginia state courts. This Court will not make a determination as to whether Virginia state courts would equitably toll a statute of limitations, or would for any other reason allow Petitioner's claim to move forward after this decision.

ECF No. 1 at 6. With regard to his substantive due process rights, Petitioner asserts that the Virginia Parole Board "has continuously denied him parole in an arbitrary and capricious mannerism, which is conscience shocking in a constitutional sense." ECF No. 1 at 5, 8; ECF No. 17 at 3.

When a Petitioner claims he has been denied due process by the Parole Board's denial of parole, "we first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Rashi'd Qawi' Al-Ami'n v. Clarke*, No. 2:13cv167, 2013 U.S. Dist. LEXIS 185045, at *6-7 (E.D. Va. Dec. 11, 2013) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 17268 (E.D. Va. Feb. 11, 2014). There is no fundamental constitutional right to parole. *Id.* While the Fourth Circuit has recognized that there is no statutorily created liberty interest in parole release, "prisoners in Virginia do enjoy a limited liberty interest in *consideration* for release on parole." *Id.* at *7. However, all that is required is "minimal procedure." *Id.* at 8. Accordingly, "the Fourth Circuit has held that '[i]n a parole setting, procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Id.* at *8.

Additionally, a claim for substantive due process based on arbitrary and capricious denial of parole is not a cognizable claim for habeas corpus review, because substantive due process has not been extended to state parole board hearings. *See Rashi'd Qawi' Al-Ami'n v. Clarke*, No. 2:13cv167, 2014 U.S. Dist. LEXIS 17268 at *8-11 (E.D. Va. Feb. 11, 2014) (acknowledging the Supreme Court's reluctance to extend substantive due process review and declining to do so for state parole board hearings).

Here, neither Petitioner's substantive nor procedural due process rights were violated. Petitioner has received "minimum procedure" in accordance with procedural due process, because each parole denial submitted by Petitioner contains a statement of reasons as to why parole was denied.[6] Thus, contrary to Petitioner's contentions, his procedural due process rights were not violated by the Parole Board's denials of parole. Moreover, Petitioner's substantive due process violation claim is not cognizable in federal habeas petitions.[7] *See Rashi'd Qawi' Al-Ami'n*, 2014 U.S. Dist. LEXIS 17268 at *11. Therefore, even if Petitioner exhausted his state remedies, his Petition would be denied for lack of merit.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss and Rule 5 Answer, ECF No. 14, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure

---

[6] In 2012, the Parole Board began providing prisoners with more detailed reasons for parole denial, in an attempt to satisfy prisoner complaints. *See Rashi'd Qawi' Al-Ami'n v. Clarke*, No. 2:13cv167, 2013 U.S. Dist. LEXIS 185045, at *6-7, n.1 (E.D. Va. Dec. 11, 2013), *report and recommendation approved*, 2014 U.S. Dist. LEXIS 17268 (E.D. Va. Feb. 11, 2014). This explanation is consistent with Petitioner's parole denials. *Compare* ECF No. 1 at 22 (dated July 22, 2010), *with* ECF No. 1 at 25 (dated March 9, 2018).

[7] Even if Petitioner's substantive due process claim were cognizable in habeas, the Parole Board's conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience[,]" which is a "very high and difficult" standard to meet." *Rashi'd Qawi' Al-Ami'n*, 2014 U.S. Dist. LEXIS 17268 at *11. Petitioner has failed to meet that standard.

8

Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 20, 2019